IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LANCE FOX,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CR NO. 13-00564-1 DKW<br>CV NO. 16-00291 DKW-KSC<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

# **INTRODUCTION**

On April 14, 2014, Petitioner Lance Fox was sentenced to a 69-month term of imprisonment following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). On June 6, 2016, Fox filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), despite a waiver provision in his plea agreement that prohibits appeals and collateral attacks in most circumstances, which the Court held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Fox contends that his sentence violates due process in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), notwithstanding *Beckles*.[1]

---

[1] Prior to amendment, the advisory Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2)

Fox's Section 2255 Motion is barred for at least two reasons. First, Fox waived his right to collaterally attack his sentence under the terms of his plea agreement. Second, Fox's motion was untimely and *Johnson* does nothing to change that fact. The Court therefore dismisses the Section 2255 Motion and declines to issue a certificate of appealability.

## BACKGROUND

### I. Plea And Sentencing

On June 13, 2013, Fox was charged in a three-count Indictment with: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1); (2) possession of a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Count 2); and (3) simple possession of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 844 (Count 3). *See* Dkt. No. 10 (6/13/13 Indictment).

On November 26, 2013, Fox pled guilty, pursuant to a Memorandum of Plea Agreement, to Count 1 of the Indictment. *See* Dkt. No. 33 (11/26/13 Court Minutes); Dkt. No. 34 (Mem. of Plea Agreement). At the November 26, 2013

---

("U.S.S.G."). The Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. In *Beckles v. United States*, 137 S. Ct. 886 (2017), however, the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause.

change of plea hearing, the Court accepted Fox's plea of guilty and deferred acceptance of the Memorandum of Plea Agreement pending sentencing and preparation of a Presentence Investigation Report ("PSR"). Dkt. No. 33 (11/26/13 Court Minutes). Under the terms of the plea agreement, the government agreed to move to dismiss Counts 2 and 3 of the Indictment after sentencing. Mem. of Plea Agreement ¶ 4. Fox agreed in the plea agreement to waive "his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a [Section 2255 Motion], except that [Fox] may make such a challenge (1) [if the Court imposes a sentence greater than specified in the guideline range] or (2) based on a claim of ineffective assistance of counsel." Mem. of Plea Agreement ¶ 12.

The PSR prepared in advance of sentencing calculated Fox's total offense level as 21, criminal history category V, with an advisory guideline range of 70–87 months of imprisonment. Dkt. No. 47 ¶ 84 (Am. PSR). The base offense level for Count 1 was 24 (before applying a three-level adjustment for acceptance of responsibility) because Fox had at least two prior felony convictions for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1(a)(2). The PSR cited Fox's prior felony convictions for (1) promoting a dangerous drug in

the second degree; and (2) terroristic threatening in the first degree.  PSR ¶ 15.[2]

Fox did not challenge the PSR's computation of his offense level or the recitation of his criminal history.  *See* Dkt. No. 42 at 12 (Def.'s Sentencing Mem.).  The government filed a motion for a downward departure on April 1, 2014.  Dkt. No. 40 (4/1/2014 Mot. for §5K1.1 Downward Departure).

On April 14, 2014, the Court granted the government's motion for a downward departure, adopted the findings of the PSR, and sentenced Fox to a below-guidelines term of imprisonment of 69 months.  *See* Dkt. Nos. 44 (4/10/2014 Court Minutes) and 45 (4/14/2014 Court Minutes); Dkt. No. 46 (4/15/2014 Judgment); Dkt. No. 47 (Am. PSR).  The Court also imposed a three-year term of supervised release.  *See* Dkt. No. 45 (4/14/2014 Court Minutes), Dkt. No. 46 (4/15/2014 Judgment).

Fox did not appeal his conviction or sentence.

## II.    Section 2255 Motion

On June 6, 2016, Fox filed his Section 2255 Motion, relying upon the Supreme Court's decision in *Johnson*, which held that the Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e)(2)(b), residual clause is unconstitutionally vague and therefore may not serve as the basis for a sentence enhancement.  *Id*. at

---

[2]In its sentencing recommendation, the PSR noted that Fox actually had 45 prior criminal convictions, including five for crimes of violence.  Dkt. No. 47 at 35.

2557. On July 8, 2016, this Court issued its order holding in abeyance consideration of the merits of the Section 2255 Motion, pending the Supreme Court's decision in *Beckles*, which involved claims that *Johnson* applied equally to the residual clause of the Sentencing Guidelines. *See* Dkt. No. 55.

Although Fox was not sentenced under the ACCA, he contends that his due process claim remains viable under *Johnson*, regardless of the holding in *Beckles*, because his advisory Sentencing Guidelines range was enhanced based upon a prior felony conviction for a "crime of violence," presumably by operation of the Guidelines' residual clause. He argues that one of his prior convictions—for first degree terroristic threatening in violation of Hawaii Revised Statutes § 707-715—was not a requisite "crime of violence" under the force clause, U.S.S.G. § 4B1.2(a)(1). Mem. in Supp. at 3–6, Dkt. No. 60. According to Fox, U.S.S.G. § 4B1.2(a)(2)'s residual clause is the only basis to support a "crime of violence" determination. Mem. in Supp. at 6. He challenges the Guidelines' residual clause as "unreliable and arbitrary" in all applications because it "does not offer a lawful basis for concluding that a prior conviction is for a crime of violence." Mem. in Supp. at 6; *see also id.* at 7 ("The problem is that *every* application of it is wrong, because the only way it can be applied is by way of an arbitrary standard that offers no reliable way of determining what crimes the residual clause picks up and what crimes it doesn't.").

5

The government opposed the Section 2255 Motion on the grounds that it is barred by the waiver in Fox's plea agreement and is also untimely. *See* Mem. in Opp'n, Dkt. No. 61. In his December 14, 2017 reply brief, Fox contends that because his sentence violates the Constitution and is therefore illegal, the plea agreement's waiver is unenforceable.[3] Reply at 2, Dkt. No. 62.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

---

[3]Fox clarifies in his reply that his sentence violates the Constitution in the following ways:

> by being based on mistaken information about his criminal history (specifically, that he's got a prior for a USSG §2K2.1/§4B1.2 crime of violence); by being the product of an unreliable and arbitrary standard (the ordinary case risk assessment triggered by the career offender's residual clause); and by being imposed contrary to established rules for imposing a sentence (those set down in Supreme Court cases requiring this Court to correctly calculate the applicable guideline range and use that correct range as its starting point, anchor, and lodestar at sentencing). If he's correct, and this Court agrees his sentence is an illegal one because it violates the Constitution, then the plea agreement waiver that the government invokes is not enforceable.

Reply at 2, Dkt. No. 62.

of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

A court may dismiss a Section 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In addition, the Court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).

## DISCUSSION

**I.     Fox Waived His Right To Collaterally Attack His Sentence**

A defendant may waive his right to appeal and collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A waiver, pursuant to a plea agreement, is enforceable if (1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver was knowingly and voluntarily made. *United States v. Medina Carrasco*, 815 F.3d 457, 461 (9th Cir.

7

2015); *see also Vasquez v. United States*, 2016 WL 544467, at *3 (D. Haw. Feb. 10, 2016) (citations omitted). Where a defendant's challenge raises issues encompassed by a valid, enforceable waiver, the appeal or collateral attack generally must be dismissed. *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (citations omitted). That is precisely the case here.

### A. Fox's Plea Waiver

In his plea agreement, Fox admitted to the factual basis of Count 1 and acknowledged that the penalties for this offense included "up to ten (10) years imprisonment and a fine of up to $250,000, plus a term of supervised release of not more than three years." Mem. of Plea Agreement ¶ 7(a). Fox expressly waived his right to appeal or collaterally attack his sentence, except under limited circumstances:

> 12. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
>   a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may

> b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

*Id.* ¶ 12(a) & (b).

Fox's challenge does not implicate these limited circumstances. Nowhere does he assert an ineffective assistance of counsel claim, as reserved in subparagraph "a." And with respect to subparagraph "b," the Court departed *downward*, not upward.

### B. Fox's Waiver Is Valid And Enforceable

The Memorandum of Plea Agreement, signed by Fox, clearly recites his waiver. Indeed, Fox does not argue that his entry into the plea agreement was anything other than knowing and voluntary, nor does he challenge the sufficiency of the plea colloquy. Based on the totality of the record, the Court finds that Fox knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in the manner set forth above.

Fox, however, argues that the waiver is unenforceable because his sentence is illegal due to its enhanced starting point. That is, because it is based on an

9

erroneous determination that he had a prior conviction for a crime of violence, his sentence violated due process. Reply at 2, Dkt. No. 62.

Although a valid appellate waiver does not prevent courts from reviewing an illegal sentence, Fox's sentence neither "exceeds the permissible statutory penalty for the crime [n]or violates the Constitution." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Fox was sentenced to a term of imprisonment below the statutory maximum, and, indeed, below the applicable advisory guideline range. His sentence would only be illegal if it violates the Constitution. *See United States v. Mendez-Gonzalez*, 697 F.3d 1101, 1104 (9th Cir. 2012) (determining that a sentence below the statutory maximum is not illegal and cannot excuse a valid waiver of appeal); *United States v. Medina-Carrasco*, 815 F.3d 457, 462–63 (9th Cir. 2015) (enforcing waiver of crime of violence guideline determination, because "[t]he whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit") (citation omitted). *See also United States v. Inoshita*, 2016 WL 2977237, at *4 (D. Haw. May 20, 2016) (enforcing waiver where sentence did not exceed the permissible statutory penalty, and rejecting Section 2255 petitioner's argument that "the sentence is illegal because the enhanced starting point for determining his sentence, based on an erroneous determination that he was a career offender, violated his constitutional right to due process"), *appeal dismissed*, 697 F. App'x

922 (9th Cir. 2017). As detailed more fully below, no constitutional violation is evident.[4]

Fox, even now, neither disputes, nor attempts to disavow, that he knowingly and voluntarily entered into a binding Memorandum of Plea Agreement with the government. Because Fox's sentence is not illegal or unconstitutional as discussed below, enforcing the valid waiver presents no issue of injustice. *See Inoshita*, 2016 WL 2977237, at *4.

## II. The Section 2255 Motion Is Untimely

Even if Fox had not waived the right to collaterally attack his sentence, he did not file his Section 2255 Motion within the applicable one-year filing period. And because he asserts no right newly recognized by *Johnson* that is retroactively

---

[4]*See also United States v. Romero*, 2017 WL 4574968, at *3–4 (D. Mont. Oct. 13, 2017) ("[Petitioner's] sentence does not violate the Constitution. The sentencing guidelines in general, and the career offender provision in particular, have not been held to violate the Constitution. *Descamps [v. United States*, 570 U.S. 254 (2013)], involved a matter of statutory interpretation rather than any constitutional concerns. By extension, *Mathis [v. United States*, 136 S. Ct. 2243, 2256 (2016)], also is not of constitutional dimension. . . . Regardless of whether 28 U.S.C. § 2255 could provide relief in [petitioner's] situation, and regardless of whether [petitioner] could receive the same sentence today, the plea agreement's waiver applies and must be enforceable here.") (some citations omitted); *cf. United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (deciding pre-*Beckles* that "[a] waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution'"); *United States v. Johnson*, 2016 WL 6681184, at *2 (N.D. Cal. Nov. 3, 2016) (under *Torres*, "if [the petitioner]'s sentence is deemed illegal, his waiver will not prevent him from collaterally attacking his sentence. . . Thus, the waiver question is subsumed into the question of whether [the petitioner]'s sentence was illegal. As a result the waiver itself does not automatically defeat [the petitioner]'s claim.").

11

applicable to cases on collateral review under Section 2255(f)(3), his Section 2255 Motion is dismissed as untimely.

### A. Timeliness Under Section 2255(f)(3)

Under 28 U.S.C. § 2255(f)(1), Fox had one year from the date that his judgment of conviction became final to challenge the corresponding sentence. Because his judgment of conviction became final on April 29, 2014—and he did not file his Section 2255 Motion until June 6, 2016—he must satisfy one of the other conditions set forth in Section 2255(f) for restarting the limitations period.

Fox relies upon Section 2255(f)(3), which permits a Section 2255 petition that "assert[s] . . . a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" within one year of the Supreme Court's recognition of the right. 28 U.S.C. § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 357–58 (2005) (describing Section 2255(f)(3) as requiring that "(1) the right asserted by the applicant was initially recognized by this Court; (2) this Court newly recognized the right; and (3) a court must have made the right retroactively applicable to cases on collateral review" (citation and quotation marks omitted)).

On March 6, 2017, the Supreme Court held in *Beckles* that the residual clause in the Sentencing Guidelines, which is textually identical to the residual clause in the ACCA, "[is] not subject to a challenge under the void-for-vagueness doctrine."

12

137 S. Ct. at 896. *Beckles* reasoned that, unlike the ACCA, the advisory Guidelines "do not fix the permissible range of sentences," and therefore, the residual clause of Section 4B1.2(a)(2), was not void. *Id*. at 892. Fox maintains that his Section 2255 Motion is timely nevertheless, because his sentence, insofar as it was based upon application of the Guidelines' residual clause, was "unreliable" and "arbitrary" and violates due process, as first recognized in *Johnson*. The Court therefore examines whether Fox timely asserts a newly recognized due process right in light of *Johnson* and its progeny.

B. **Section 2255(f)(3) Is Inapplicable**

On June 26, 2015, the Supreme Court decided *Johnson*, holding that the residual clause definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. at 2557–58. The Supreme Court later determined that *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Fox filed his Section 2255 Motion within one year of *Johnson* and *Welch*. The timeliness inquiry, then, turns on whether Fox's Section 2255 Motion asserts the particular right recognized by *Johnson* and *Welch*. It does not.[5]

---

[5]The determinative issue is whether *Johnson* recognized the specific right "asserted" by Fox. Although he maintains that *Beckles* "is beside the point," Mem. in Supp. at 7, even "a finding that *Beckles* does not, by its terms, foreclose this Court from reading *Johnson* as recognizing the right asserted by Petitioner does not resolve whether *Johnson* did, in fact, recognize such a right."

13

Fox argues that "the right that *Johnson 2015* recognizes that triggers a new filing window . . . is simply *Johnson 2015*'s new reading of the residual clause, which overturned the Supreme Court's prior precedent that bound this Court to apply a different reading of the residual clause. *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011), establishes that such a new construction of the residual clause is automatically retroactive." Reply at 4, Dkt. No. 62. *Johnson*, however, did not recognize any new right capable of assertion by Fox with respect to the *Guidelines' residual clause* under which he was sentenced. *See, e.g., United States v. Brown*, No. 16-7056, 2017 WL 3585073, at *5 (4th Cir. Aug. 21, 2017) ("*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague[.]") (citation omitted). Because Fox was not sentenced under the ACCA, *Johnson* is of limited utility. Fox is therefore left to argue that his sentence is clouded by the "black hole of confusion" generated by the principles underlying *Johnson*. Reply at 7, Dkt. No. 62. Fox, however, is unable to cite any new right

---

*United States v. Patrick*, 2017 WL 4683929, at *2 (D. Or. Oct. 18, 2017). That inquiry depends on the contours of what qualifies as a newly recognized right and how broadly that right has been defined by courts post-*Johnson*. *See United States v. Autrey*, 2017 WL 2646287, at *3 (E.D. Va. June 19, 2017) ("[E]mbedded in the parties' dispute on timeliness is a question about the meaning of the term 'right' as used in § 2255(f)(3)."); *Mitchell v. United States*, 2017 WL 2275092, at *3 (W.D. Va. May 24, 2017) (framing the parties' dispute as turning on "the meaning of 'right' under § 2255(f)(3) and its application to *Johnson*"); *see also United States v. Gildersleeve*, 2017 WL 5895135, at *3 (D. Or. Nov. 28, 2017) (summarizing that "the Supreme Court in *Johnson* did not recognize a new right with respect to the mandatory Guidelines," and observing that the "majority of opinions from this jurisdiction and the growing weight of relevant authority favor narrowing *Johnson* to its holding") (citation omitted).

first recognized by *Johnson* that applies to his circumstances, much less any such right with retroactive applicability. His due process claim—framed as the "arbitrary" and "unreliable" determination that his prior conviction was a "crime of violence"—does not spring from a right newly recognized by *Johnson*. *See, e.g., United States v. Brown*, No. 16-7056, 2017 WL 3585073, at *6 (4th Cir. Aug. 21, 2017); *United States v. Jones*, 2018 WL 605931, at *5 (D. Haw. Jan. 29, 2018) ("The crux of the § 2255 Motion is that the enhancement of [petitioner's] sentence based on his career offender determination violated his due process rights because the residual clause of § 4B1.2(a) resulted in arbitrary findings, based on unreliable information, that his prior convictions were 'crimes of violence.' Although [petitioner] uses quotations from *Johnson* to support this claim, *Johnson* did not create his claim.").[6]

---

[6]To be clear, *Johnson* found the ACCA's residual clause vague in violation of due process because it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement," 135 S. Ct. at 2556, and found that this principle applies to "statutes *fixing* sentences" just as it applies to "statutes defining elements of crimes," *id*. at 2557 (emphasis added). The same is simply not true of the advisory Guidelines under which Fox was sentenced. The *Beckles* majority held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" because the advisory Guidelines "merely *guide* the district court's discretion." 137 S. Ct at 89 (emphasis added). The Supreme Court explained that, contrary to the ACCA, "the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." *Id*. at 895. *Beckles* thus excluded from the scope of *Johnson*'s rule those sentencing provisions that advise, but do not bind, a sentencing court or otherwise "*fix*" a defendant's sentence. Notably, as one district court has observed, "after *Beckles*, it is doubtful" that the right Fox asserts here for a sentence imposed under the advisory Guidelines "is the same right recognized in *Johnson*." *United States v. Beraldo*, 2017 WL 2888565, at *2 (D. Or. July 5, 2017); *see also McCandless v. United States*, 2017 WL 4019415, at *4 (D. Haw. Sept. 12, 2017) (rejecting petitioner's assertion that his career offender designation under the Guidelines was

15

Fox was sentenced under the residual clause of the Sentencing Guidelines, not the residual clause of the ACCA. He did not bring his Section 2255 Motion within one year of the date on which his conviction became final, and nothing in *Johnson* nor any other case recognizes a new right that would excuse his tardiness. Fox's Section 2255 Motion is time-barred.[7]

## III. <u>No Evidentiary Hearing Is Required</u>

The Court is required to hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As the analysis above demonstrates, the issues raised here can be conclusively decided on the basis of the

---

"unreliable" and "arbitrary," in violation of due process "because McCandless does not assert such a [*Johnson*] right—to not have his sentence 'fixed' by the application of the ACCA's residual clause"), No. 17-16964, ECF No. 3 (9th Cir. Jan. 30, 2018) (denying certificate of appealability).
[7]*See, e.g., Harris v. United States*, 686 F. App'x 345, 348 (6th Cir. 2017) ("[Petitioner] failed to file his § 2255 motion in a timely manner. . . . Consequently, [petitioner] cannot rely on the 2015 ruling in *Johnson* to extend the one-year period for filing his § 2255 motion challenging his 60-month [below Guidelines] prison sentence."); *United States v. Torres*, 2017 WL 3052974, at *3 (D.N.M. June 20, 2017) (recommending dismissal of a petitioner's Section 2255 motion as untimely because "*Johnson* did not address whether sentences imposed under the residual clause of the career offender guideline before [*United States v. Booker*, 543 U.S. 220, 245 (2005)], can be challenged as void for vagueness, and *Beckles* left the issue open," so petitioner was not asserting a right recognized by the Supreme Court and made retroactively applicable to cases on collateral review as § 2255(f)(3) requires); *United States v. Beraldo*, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) (following the "growing consensus [of district court cases] and the Court's decision in *Beckles*" and concluding that "defendant cannot rely on 28 U.S.C. § 2255(f)(3) to make his petition timely" because he asserted "the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline" and that right "has not been recognized by the Supreme Court"); *Hirano v. United States*, 2017 WL 2661629, *8 (D. Haw. June 20, 2017) (denying a Section 2255 motion as untimely because "while the Supreme Court may still decide that the Guidelines as they were applied prior to *Booker* are subject to a vagueness challenge based on the Court's analysis in *Johnson*, it has not done so yet") (citation and quotation marks omitted).

evidence in the record, and there is no reason to conduct an evidentiary hearing on Fox's petition. *See, e.g.*, *United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998).

IV. **Certificate of Appealability**

In denying his Section 2255 Motion, the Court must address whether Fox should be granted a certificate of appealability. *See* R. 11(a), Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Based on the foregoing analysis, the Court finds no reasonable jurist would find debatable this Court's assessment of the issues raised by the Section 2255 Motion. *See, e.g.*, *Vasquez*, 2016 WL 544467, at *3–4 (denying certificate of appealability where reasonable jurists could not find debatable the court's determination that petitioner's "collateral attack on his sentence is barred by the terms of his Plea Agreement"); *United States v. McCandless*, No. 17-16964, ECF No. 3 (9th Cir. Jan. 30, 2018) (denying certificate of appealability "because

appellant has not shown that 'jurists of reason would find it debatable whether the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'") (quoting *Slack*, 529 U.S. at 484); *United States v. Jones*, 2018 WL 605931, at *5–6 (D. Haw. Jan. 29, 2018) (denying certificate of appealability and concluding that petitioner procedurally defaulted on similar claims that his sentence "violated his due process rights because the residual clause of § 4B1.2(a) resulted in arbitrary findings, based on unreliable information, that his prior convictions were 'crimes of violence'").

Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Fox's Section 2255 Motion and DENIES a certificate of appealability. The Clerk of the Court is directed to enter judgment in favor of the United States and close the case file.

IT IS SO ORDERED.

DATED: January 31, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Fox v. United States*; CR NO. 13-00564-1 DKW; CV NO. 16-00291 DKW-KSC; **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**